[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE (#122)
The plaintiff, John Chiangi, has brought this action against the defendants, Rust International, Inc. (hereinafter "Rust") and John B. Lawton, for various statutory and tort violations stemming from the alleged breach of a business agreement.
Chiangi alleges that Rust sold a diving business to an entity controlled by Lawton, and that said sale breached an agreement between Chiangi and Rust, wherein Rust offered Chiangi a first right to purchase the diving company should it ever be sold.
Chiangi filed a revised complaint on May 15, 1998, alleging four causes of action against Rust: fraud (count one), negligent misrepresentation (count two), promissory estoppel (count three) and a violation of the Connecticut Unfair Trade Practices Act, CUTPA (count four); and two causes of action against Lawton: tortious interference with a business expectancy (count five) and violation of CUTPA (count six).
On May 29, 1998, Rust and Lawton moved to strike counts four and six of the revised complaint on the grounds that the CUTPA claims were legally insufficient.
This court, Mihalakos, J., by order dated January 4, 1999, granted the motion to strike as to counts four and six holding that "CUTPA was not intended to address the one-time sale of a business by someone not in the business of selling businesses."
Thereafter, on January 20, 1999, Chiangi filed a Substituted Revised Complaint re-alleging the CUTPA claim against Rust in a revised count four.
On February 17, 1999, Rust filed a motion to strike count four of the Substituted Revised Complaint. Rust also filed a memorandum of law in support. CT Page 7374
On March 4, 1999, Chiangi filed a motion in opposition along with a supporting memorandum of law.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael. Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, 709 A.2d 558 (1998).
"The purpose of CUTPA is to protect the public from unfair practices in the conduct of any trade or commerce. . . ." Krawiecv. Blake Manor Development Corp., 26 Conn. App. 601, 607,602 A.2d 1062 (1992). "To allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a trade or business." Pergament v. Green,32 Conn. App. 644, 655, 630 A.2d 215, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). "Trade or commerce . . . is broadly defined as the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state. . . . The entire act is remedial in character . . . and must be liberally construed." (Citations omitted; internal quotation marks omitted.) Larsen Chelsey Realty Co. v. Larsen,232 Conn. 480, 500-01, 656 A.2d 1009 (1995).
Here, Chiangi has alleged that the sale of the diving business took place as part of Rust's trade or business of selling businesses as a multinational subsidiary of the WMX corporation. Specifically, the revised complaint alleges that "Rust was at all relevant times in the business of buying and selling businesses, directly and at the direction of its corporate parent," and that "Rust corporate managers were specifically charged with the responsibility of . . . buying new businesses and selling businesses already owned," particularly during the period between 1995 and 1997, when "Rust undertook a particularly aggressive divestiture of selling a number of its engineering businesses." (Revised Complaint, Count four, ¶¶ 34-37). CT Page 7375
"Construing the complaint in the light most favorable to the plaintiff; Faulkner v. United Technologies Corp., supra,240 Conn. 580; and treating trade or commerce as "broadly defined';Larsen Chelsey Realty Co., supra, 232 Conn. 500; [Chiangi] has pleaded sufficient facts from which it could be found that the alleged acts [by Rust] were performed in a trade or business."Unique Boutique, Inc v. Hylton, Superior Court, judicial district of New Haven at New Haven, Docket No. 397938 (January 8, 1998,Silbert, J.).
Rust next argues that a one-time transaction is insufficient to support a cause of action under CUTPA. Rust refers to this courts decision in the prior motion to strike, dated January 4, 1999, as supporting this proposition.
Contrary to Rust's contention, this court's ruling hinged on Chiangi's failure to sufficiently allege that Rust was engaged in the business of selling businesses. This court acknowledged the split of authority as to whether CUTPA applies to a single transaction which is not in the ordinary course of a trade or business and found that the "better reasoned decisions hold that the sale of a business by one not engaged in the business of selling [was] not sufficient to state a cause of action under CUTPA." (Memorandum of Decision, dated January 4, 1999, p. 3). This court subsequently held that "CUTPA was not intended to address the one-time sale of a business by someone not in the business of selling businesses." (Memorandum of Decision, p. 4).
Here, however, Chiangi has sufficiently alleged facts indicating that the sale of the subject property by Rust was in the course of Rust's trade. A single transaction made in the course of a trade or business is sufficient to constitute a CUTPA violation.
"The Connecticut Unfair Trade Practices Act . . . has been construed liberally to apply to a single transaction the majority of times . . . usually when CUTPA is held to apply to a single transaction, the defendant is an entity or an individual engaged in a business activity which is at the heart of the complaint and the alleged violation." (Internal quotation marks omitted.) LeachFamily Holdings v. Raymark Ind., Superior Court, judicial district of Fairfield/Bridgeport at Bridgeport, Docket No. 345036 (April 24, 1998, Maiocco, J.). See also Mayer-Wittmann JointVentures, Inc. v. Gunther International, Ltd., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CT Page 7376 134790 (October 21, 1994, Lewis J.) (CUTPA was designed to protect unwary consumers dealing with professional businesses or business people in a transaction which is part of that business);McCarthy v. Fingelly, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 268839 (May 28, 1991, Katz,J.) (split of authority is not over the issue of "whether the litigant is required to allege more than a single transaction in a professional or business context, but whether CUTPA applies to a private transaction by a person not employed in the business of making such transactions").
Accordingly, the defendants' motion to strike count four of the substituted revised complaint is denied.
Mihalakos, J.